UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QIANG LI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2249-X-BH |
| | § | |
| VERIZON WIRLESS TEXAS, LLC, et al. | § | |
| | § | Referred to U.S. Magistrate Judge |
| | § | |
| Defendants. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing *de novo* all relevant matters of record in this case, including the *Findings, Conclusions, and Recommendation* [Doc. No. 82] of the United States Magistrate Judge and plaintiff Qing Li's *Objection* [Doc. No. 86], in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

The Magistrate Judge found and concluded that defendants Verizon Wireless, Texas, LLC, and Satya Sharma are entitled to summary judgment on Li's Title VII and 42 U.S.C. § 1981 discrimination and retaliation claims, and on Li's state law defamation claims. For Li's Title VII and Section 1981 discrimination claims, the Magistrate Judge found that Li failed to make a prima facie case of discrimination and cited no evidence in the record to support his allegation that similarly situated individuals outside of his protected class were treated differently than he was treated.

1

For Li's Title VII retaliation claims, the Magistrate Judge found that while Li adequately asserted a protected activity to form the basis of a Title VII retaliation claim, Li failed to point to evidence (other than temporal proximity and his personal belief) that established a causal connection between such protected activity and an alleged adverse employment action. As to Li's state law defamation claim, Li has failed to contest the defendants' assertion in their summary judgment motion that Li's claims are untimely and meritless, and Li failed to identify evidence that supports his claim, and therefore has not shown that there is a genuine dispute as to material fact with respect to his defamation claim.

Li objected to the Magistrate Judge's *Findings, Conclusions, and Recommendation*. But Li did not offer a specific objection to any portion of the Magistrate Judge's order. Li mostly restated his arguments in opposition to defendants' motion for summary judgment. In his objection, Li did add that his peers and supervisor would sometimes speak in a foreign language to each other, and he made several conclusory allegations that Sharma's deposition was "clearly deceitful" and that the investigation based on Li's complaint about discrimination was a "sham."[1] But Li nonetheless failed to point to specific evidence in the record to support his allegations in any way that would warrant a finding in his favor.

---

[1] *E.g.,* Plaintiff's Objections to the Report and Recommendation of the United States Magistrate, at 4 & 7 [Doc. No. 86]. The EEOC has stated that a rule prohibiting foreign languages in the workplace at all times is a "burdensome term and condition of employment." The EEOC indicated it would "closely scrutinize" such a rule and "presume that [it] violates Title VII." 29 C.F.R. § 1606.7.

Therefore, the Court **GRANTS** defendants' *Motion for Summary Judgment* [Doc. No. 65]. By separate judgment, the Court will **DISMISS WITH PREJUDICE** Li's claims against the defendants.

**IT IS SO ORDERED** this 15th day of May 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE